## In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.

**Cheranna ANDERSON, Dawn Valenzuela, Cynthia Ellis, Dawn Gallop, Leigh Young, Individually, and on Behalf of All Others Similarly Situated, Plaintiffs,**

v.

**AMERICAN HOME PRODUCTS CORPORATION, a Delaware Corporation, and Wyeth Laboratories, Inc., a New York Corporation, Defendants.**

MDL No. 1038.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 5, 1996.

See also 1996 WL 264731.

Chris Parks of Parker, Parks & Rosenthal, Port Arthur, TX, Roger Brosnahan of Brosnahan, Joseph & Suggs, Minneapolis, MN, Turner Branch, Branch Law Firm, Albuquerque, NM, for plaintiffs.

John W. Vardaman, F. Lane Heard III, Steve Farina of Williams & Connolly, Washington, DC, Paul W. Gertz, Larry Germer, Tonya Connell Adams of Germer & Gertz, Beaumont, TX, for defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND DISMISSING CLASS COMPLAINT

SCHELL, Chief Judge.

This matter is before the court on Plaintiffs' Motion for Class Certification that was filed on March 9, 1995. Defendants filed their opposition to this motion on June 5, 1995, and Plaintiffs filed their reply to this opposition on July 14, 1995. Defendants filed their surreply in opposition to the motion on July 31, 1995. Plaintiffs filed their Final Brief in Support of Plaintiffs' Motion for Class Certification on April 25, 1996. Defendants filed their Final Memorandum in Opposition to Plaintiffs' Motion for Class Certification on May 10, 1996. In making its ruling on this motion, the court also considered letter briefs from the Plaintiffs dated June 4, 1996 and June 17, 1996. Defendants tendered a letter brief on June 7, 1996.

■ In light of the recent Fifth Circuit decision in *Castano v. American Tobacco Company*,[1] the court is of the opinion that Plaintiffs' motion must be denied at this time. Under *Castano*, individual trials are necessary in order to allow the court to make an informed decision regarding whether common issues predominate and whether certification of a class is superior to other methods for handling this litigation.[2] Because this court has yet to conduct any individual trials, certification of a class would be premature at this time. In *Castano*, the court of appeals reversed the district court's certification of a nationwide class and remanded for dismissal of the class complaint. The Fifth Circuit did not allow either the complaint or the motion for class certification to remain pending until individual trials were completed. Rather, the court of appeals held: "Moreover, at this time while the tort is immature, the class complaint must be dismissed, as class certification cannot be found to be a superior method of adjudication."[3]

Plaintiffs are, however, free to reurge their motion following completion of the individual trials that this court plans to conduct in early 1997. Should Plaintiffs elect to reurge their motion for class certification at that time, they may wish to limit the theories of liability asserted and the types of damages sought. This would simplify the class certification analysis. As stated by the court of appeals in *Castano*, "[t]hrough individual adjudication, the plaintiffs can winnow their claims to the strongest causes of action. The result will be an easier choice of law inquiry and a less complicated predominance inquiry."[4]

■ In addition to the holding in *Castano*, this court is also of the opinion that a decision on Plaintiffs' pending motion for class certification should be made now rather than later in fairness to Defendants and in compli-

---

1. 84 F.3d 734 (5th Cir.1996).

2. *Id.* at 752.

3. *Id.* at 740–41.

4. *Id.* at 750.

ance with the requirement that a decision be made "as soon as practicable" under Rule 23(c)(1) of the Federal Rules of Civil Procedure.

Plaintiffs' consolidated motion for class certification was filed on March 9, 1995. Under the Supreme Court's holding in *American Pipe & Construction Co. v. Utah*,[5] it is therefore possible that the statute of limitations for Norplant plaintiffs already has been tolled for almost 1½ years and will have been tolled for 2 years by the time the individual trials required by *Castano* begin in the spring of 1997. Further, while the court believes that its responsibility pursuant to the assignment by the Judicial Panel on Multidistrict Litigation of all federal Norplant actions to this court under MDL 1038 should take a high priority among the court's other business, completion of all individual bellwether trials may not occur until mid–1997.

In the context of this type of mass tort litigation, the possible tolling of the statute of limitations for over 2 years would allow potential Norplant plaintiffs to assert their claims later, at a time when the "evidence has been lost, memories have faded, and witnesses have disappeared."[6] Obviously, the retention of medical records by health care providers is an important concern of Defendants. An accurate resolution of the issues of causation and damages may, in large part, depend upon access to and retention of medical records for each plaintiff. A review of the various state statutes dealing with medical records retention indicates that most of these statutes apply only to hospitals and not to individual physicians.

Furthermore, the rule in *American Pipe* contemplates that the class action fairly notifies Defendants of "the substantive claims being brought against them."[7] While the class complaint here does apprise Defendants of the theories of liability relied upon by Plaintiffs and the range of injuries alleged, both sides acknowledge that issues of causation and damages are unique to each existing

and potential plaintiff. Therefore, a ruling by the court at this time before the completion of bellwether trials will require those women who believe they have been injured by Norplant to come forward and file their lawsuits. Defendants then may request the opportunity to commence discovery including the production of medical records relevant to the individual issues of causation and damages.

### CONCLUSION

Plaintiffs' Motion for Class Certification is hereby DENIED, and their Master Class Action Complaint is hereby DISMISSED.

---

5. 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974).

6. *American Pipe*, 414 U.S. at 554, 94 S.Ct. at 766–67.

